UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

MELISSA ANN RICE,

Chapter 7
Case No. 16-57092-mlo
Hon. Maria L. Oxholm

Debtor.
_____/

# OBJECTION TO MOTION TO CONVERT TO CHAPTER 13

Now comes the Chapter 7 Trustee, Timothy J. Miller, by and through his attorneys Osipov Bigelman, P.C., and states as follows:

## Background

1. On December 22, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code.

2. Timothy J. Miller is the duly appointed Chapter 7 Trustee of the Debtor's estate (the "Trustee").

3. On March 21, 2017, Debtor filed a *Motion to Convert Her Chapter 7 Case to a Chapter 13 Case* (Docket No. 37).

4. Debtor does not seek conversion to Chapter 13 in good faith.

5. On May 11, 2017, the US Trustee filed a *Complaint for Denial of Discharge Under 11 U.S.C. § 727(a)(2), (a)(3), (a)(4)(A), (a)(4)(D), (a)(5) and (a)(6)* ("727 Complaint").

6. The 727 Complaint sets forth how the Debtor filed sworn statements and schedules containing false oaths concerning her assets and her income, gave false oaths at the Fed. R. Bankr. P. 2004 Examination ("2004 Exam") conducted by counsel for the Trustee and the US Trustee,

and failed to obey a lawful order of the court (*Order to Produce Documents and Conduct 2004 Examination*, Docket No. 35) by failing to produce the documents required in that order.

7. Upon information and belief, Debtor has agreed not to contest the 727 Complaint, and will be waiving her right to a discharge.

8. The Debtor has continually refused to comply with 11 U.S.C. § 341 and appear for a First Meeting of Creditors. To date, the 341 Meeting has been adjourned 5 times for Debtor's failure to appear.

9. The Debtor acted in bad faith when she filed this case – giving false oaths on her sworn schedules and statements to conceal substantial assets and income, as set forth in the US Trustee's 727 Complaint. Debtor compounded this bad faith by uttering further false oaths at the 2004 Exam. Her actions in this case have been continually designed to frustrate her creditors and the Chapter 7 Trustee.

<u>Standards for Conversion</u>

10. Under the Bankruptcy Code, a debtor may convert to Chapter 13 "at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title[,]" and as long as "the debtor may be a debtor under such chapter." 11 U.S.C. § 706(a), (d).

11. The right to convert to Chapter 13 is not absolute, and conversion may be denied where "cause" would exist to convert or dismiss the debtor's Chapter 13 case under 11 U.S.C. § 1307(c), including (1) inability to propose a confirmable plan and (2) **bad faith**. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373-74, 127 S. Ct. 1105, 1111, 166 L.Ed.2d 956 (2007) (emphasis added); *see also Copper v. Copper (In re Copper)*, 314 B.R. 628, 635 (B.A.P. 6th Cir. 2004) (collecting cases and citing bad faith, abuse of process, fraud, and futility among the reasons for denying conversion), *aff'd, Copper v. Copper (In re Copper)*, 426 F.3d 810 (6th Cir. 2005).

## The Conversion Is Not Proposed in Good Faith

12. Bankruptcy courts should therefore apply the same good faith standard when evaluating a debtor's motion to convert to chapter 13 as is utilized when considering dismissal of a case under § 1307(c). *Condon v. Smith (In re Condon)*, 358 B.R. 317, 325 (B.A.P. 6th Cir. 2007). Whether a debtor has filed his or her case in bad faith requires an examination of the totality of the circumstances, *Laguna Assocs. L.P. v. Aetna Cas. & Surety Co. (In re Laguna Assocs. L.P.)*, 30 F.3d 734, 738 (6th Cir. 1994). *In re Glenn*, 288 B.R. 516, 519-20 (Bankr. E.D. Tenn. 2002); *see also Metro. Emps. Credit Union v. Okoreeh-Baah (In re Okoreeh-Baah)*, 836 F.2d 1030, 1033 (6th Cir. 1988).

13. In making the good faith determination, courts examine several factors, including "whether any inaccuracies are an attempt to mislead the court," *In re Caldwell*, 851 F.2d 852, 859 (6th Cir. 1988), and "whether the debtor has been forthcoming with the bankruptcy court and the creditors." *Alt*, 305 F.3d at 419 (quoting *In re Love*, 957 F.2d 1350, 1357 (7th Cir. 1992)).

14. In this case, the Debtor has made multiple false statements under oath with a clear intent to mislead, and has been anything but forthcoming with the Trustee, the Court and the creditors.

15. As set forth in the 727 Complaint, Debtor has attempted to conceal assets and income through numerous false oaths both on her sworn schedules and statements and at the 2004 Exam. She has failed and refused to comply with a lawful order of this Court. She has sought to frustrate the Chapter 7 Trustee in the operation of his duties by repeatedly refusing to appear for a § 341 First Meeting of Creditors.

16. Upon information and belief, Debtor has merely sought conversion as an end-around, so that after the case is converted, she may subsequently seek dismissal.

17. Debtor's pattern of deceit demonstrates that neither this case nor the *Motion to Convert Her Chapter 7 Case to a Chapter 13 Case* have been proposed in good faith. Therefore, the Debtor's Motion to Convert to Chapter 13 should be denied.

WHEREFORE, the Chapter 7 Trustee requests that Debtor's *Motion to Convert Her Chapter 7 Case to a Chapter 13 Case* be denied, and awarding such other relief as the Court deems just and equitable.

Respectfully submitted,

OSIPOV BIGELMAN, P.C.

Date: May 12, 2017

/s/ Anthony J. Miller_____
Jeffrey H. Bigelman (P61755)
Anthony J. Miller (P71505)
Attorneys for the Chapter 7 Trustee
20700 Civic Center Dr. Suite 420
Southfield, MI 48076
Phone: (248) 663-1800 /Fax: (248) 663-1801
yo@osbig.com/am@osbig.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

MELISSA ANN RICE,

Chapter 7
Case No. 16-57092-mlo
Hon. Maria L. Oxholm

Debtor.
_____/

**BRIEF IN SUPPORT OF**
**OBJECTION TO MOTION TO CONVERT TO CHAPTER 13**

The Trustee relies upon the allegations contained in the Trustee's Objection to Motion to Convert to Chapter 13, 11 U.S.C. §§ 706 and 1325, and all interpretive case law. The Trustee reserves the right to file a further brief in support, should the Court so require.

Respectfully submitted,

OSIPOV BIGELMAN, P.C.

Date: May 12, 2017

/s/ Anthony J. Miller_____
Jeffrey H. Bigelman (P61755)
Anthony J. Miller (P71505)
Attorneys for the Chapter 7 Trustee
20700 Civic Center Dr. Suite 420
Southfield, MI 48076
Phone: (248) 663-1800 /Fax: (248) 663-1801
jhb@osbig.com/am@osbig.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

MELISSA ANN RICE,

            Chapter 7
            Case No. 16-57092-mlo
            Hon. Maria L. Oxholm

      Debtor.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2017, I electronically filed:

- Objection to Motion to Convert to Chapter 13;
- Brief in Support; and
- Certificate of Service

with the Clerk of the Court using the ECF system which will send notification of such filing to all parties receiving electronic notices in this matter.

                              OSIPOV BIGELMAN, P.C.

Date: May 12, 2017            /s/ Anthony J. Miller_____
                              Jeffrey H. Bigelman (P61755)
                              Anthony J. Miller (P71505)
                              Attorneys for the Chapter 7 Trustee
                              20700 Civic Center Dr. Suite 420
                              Southfield, MI 48076
                              Phone: (248) 663-1800 /Fax: (248) 663-1801
                              jhb@osbig.com/am@osbig.com